**In the Matter of Mathias H. WAGNER and Mary Lou Wagner, Debtors.**

**Bankruptcy No. BK88–1765.**

United States Bankruptcy Court, D. Nebraska.

Jan. 13, 1989.

Mathias Wagner, pro se.

Terrence Michael of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, Frank Schepers of Kennedy, Holland, DeLacy & Svoboda, Omaha, Neb. for Farm Credit Bank of Omaha.

## MEMORANDUM OPINION

TIMOTHY J. MAHONEY, Chief Judge.

A hearing on Motion for Relief filed by Farm Credit Bank of Omaha (Filing No. 5) was held on December 12, 1988. Mathias Wagner, debtor, appeared pro se. Terrence Michael of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, Omaha, Nebraska, appeared on behalf of the Farm Credit Bank of Omaha. Frank Schepers of Kennedy, Holland, DeLacy & Svoboda, Omaha, Nebraska, also appeared on behalf of the Farm Credit Bank of Omaha.

Farm Credit Bank moves for relief from automatic stay, to complete its state law mortgage foreclosure, or for dismissal because debtors are precluded from filing pursuant to 11 U.S.C. § 109(g)(1). Debtors resist, alleging that Farm Credit Bank has not yet complied with the Agricultural Credit Act of 1987. The Court finds as a fact that Farm Credit Bank has not complied, or at least has not presented evidence of compliance, with the basic requirement of the Act as codified at 12 U.S.C. § 2202a(b)(1). That section requires the Farm Credit Bank to make a determination that debtors' loan "is or has become a distressed loan" as defined under 12 U.S.C. § 2202a(a)(3). After such determination is made, the Farm Credit Bank may mail debtors certain information concerning restructuring. The statute provides a condition precedent to offering the restructuring opportunity and to the right of the Farm Credit Bank to continue a foreclosure action.

Since the only evidence before the Court is an affidavit of a Farm Credit Bank officer attaching the letters sent to debtors and debtors' response, this court cannot determine if the Farm Credit Bank made the statutorily required determination prior to mailing the restructuring materials. The letters do not indicate the determination was made. For example, the initial letter of February 18, 1988, suggests to debtors that their loan "may be distressed." The statute requires and the debtors have a right to know that the Farm Credit Bank has made a determination that the loan "is or has become distressed" before any restructuring obligations fall upon debtors and before any foreclosure rights accrue to Farm Credit Bank.

Debtors may be ineligible to file a petition in bankruptcy because of prior filings. However, Farm Credit Bank's actions regarding continuation of the foreclosure precipitated the prior Chapter 12 and this Chapter 11 filing. Since the Farm Credit Bank has not clearly shown that its prepetition actions are lawful, it will not be heard to complain about debtors' actions to protect their assets pending a determination of the validity of Farm Credit Bank's foreclosure proceeding.

Motion for relief and dismissal overruled. Separate journal entry to be entered.