**In the Matter of John Joseph RUD-LOFF, Edith Josephine Rudloff, Denis William Rudloff, Debtors.**

**Bankruptcy Nos. BK88–124, BK88–123.**

United States Bankruptcy Court, D. Nebraska.

May 11, 1989.

David Copple of Domina, Gerrard, Copple & Stratton, P.C., Norfolk, Neb., for Farm Credit System–Omaha.

John Joseph Rudloff, Edith Josephine Rudloff and Denis William Rudloff, Verdigre, Neb., pro se.

## MEMORANDUM

TIMOTHY J. MAHONEY, Chief Judge.

Hearing was held on April 10, 1989, on motion for relief from stay filed by the Farm Credit System—Omaha, debtors' objection to the motion and debtors' motion for sanctions. David Copple of Domina, Gerrard, Copple & Stratton, P.C., Norfolk, Nebraska, appeared for Farm Credit System—Omaha; John J. Rudloff, Edith J. Rudloff and Denis William Rudloff, Verdigre, Nebraska, appeared pro se.

*Facts*

Farm Credit System—Omaha (FCS–O) filed a motion for relief from the automatic stay pursuant to Section 362(d)(1), (2)(A) and (2)(B) to permit the scheduling and conducting of a sheriff's sale of debtors' real property. That property is the subject of a decree of foreclosure entered in state court in March, 1987.

In a letter dated September 16, 1988, FCS–O informed debtors that their Federal Land Bank of Omaha (now Farm Credit System of Omaha) loans "may be" distressed loans. The letter stated that debtors' loans "may be suitable for restructuring." A copy of the Eighth Farm Credit District Distressed Loan Policy was enclosed along with the materials needed to enable the debtor/borrower to submit an application for loan restructuring. Debtors, in a letter dated October 20, 1988, to FCS–O, acknowledged receipt of the September 16 letter, but pointed out the language which said the loans "may be" distressed. Debtors said, in their letter, that FCS–O was required by the Agricultural Act of 1987 to make a determination that their loan "is" distressed or "has become" distressed. Debtors then asked: is the Federal Land Bank making the determination that the loan "is" distressed? and requested proper forms. A reply letter from FCS–O, dated October 24, 1988, stated that proper procedures and policies were followed, and reminded debtors that their 48-day period to submit a restructuring application expired November 3, 1988. Debtors submitted a restructuring application on November 2, 1988.

FCS–O wrote to debtors on November 10, 1988, listing items deemed necessary to a complete restructuring application which were requested of debtors, but not submitted by them. Deadline for their submission was November 17, 1988. Debtors replied in a short letter, dated November 16, 1988, giving their explanation of why certain information was not submitted. On December 28, 1988, an "Adverse Credit Action Notice" was sent to debtors denying their restructuring application. The reasons given on the notice for the adverse

credit action were (1) production records not provided; (2) balance sheets were incomplete; (3) unrealistic value placed on land; and (4) inaccurate and incomplete financial information.

In its motion for relief FCS–O alleges that debtors have made no payments for principal or interest since the decrees of foreclosure were entered, that debtors have no equity in the property encumbered by FCS–O mortgages, that the property is not necessary to effect reorganization nor is there a likelihood that reorganization may be confirmed, that the property has been allowed to deteriorate, and that debtors have failed to provide FCS–O with adequate protection of its interest in the property.

Debtors have objected to the motion for relief and have filed a motion for sanctions. Debtors say that FCS–O filed a motion for relief previously and was granted limited relief by this Court so that they might comply with the Agricultural Credit Act of 1987, but that they have not so complied.

Debtors argue that the letter they received from FCS–O did not indicate that FCS–O had made a determination that the loan was distressed or had become distressed. Debtors point to this Court's order of January 13, 1989, *In re Wagner,* 107 B.R. 662 (Bankr.D.Neb.1989), in which this Court held that such a determination was statutorily required before restructuring eligibility is considered. Debtors also maintain that the property is necessary to an effective reorganization. Lastly, debtors request sanctions against FCS–O, alleging the motion for relief is frivolous.

### Discussion

■ On a determination by FCS–O that a loan is or has become a distressed loan, as defined in 12 U.S.C. § 2202a(a)(3), FCS–O must provide written notice that the loan may be suitable for restructuring. 12 U.S.C. § 2202a(b)(1). This notice must be sent not later than 45 days before the lender begins foreclosure proceedings. 12 U.S.C. § 2202a(b)(2). The lender may not foreclose or continue any foreclosure proceeding with respect to a distressed loan before the lender has completed consideration of the loan for restructuring. 12 U.S.C. § 2202a(b)(3). Restructuring is required if it will produce equal or more return to the lender than foreclosure. 12 U.S.C. § 2202a(e)(1); *See also* H.Rep. No. 295(I), 100th Cong. 1st Sess. 52 *reprinted in* 1987 U.S.Code Cong. & Admin.News 2723.

It is this Court's reading of Section 2202a that the statute requires initially that a determination must be made that a loan is or has become distressed before the restructuring notice is sent. The legislative history is consistent with this reading of Section 2202a(b)(1).

> Subsection (b) will require a qualified lender, *once it has determined that a loan is or has become a distressed loan,* to provide written notice to the borrower that the loan may be suitable for restructuring...."

H.Rep. No. 295(I), 100th Cong. 1st Sess. 76 *reprinted in* 1987 U.S.Code Cong. & Admin.News 2723, 2747. (emphasis added).

■ Relief from the stay is the beginning, or in this case the continuation, of a foreclosure action. Because the Court concludes that FCS–O has not made the initial, requisite determination, the motion for relief is hereby denied. Any obligations of debtors in regard to the restructuring application are not triggered without this initial determination. FCS–O must specifically comply with the statute.

Debtors' motion for sanctions against FCS–O for noncompliance with the Court's order of September 12, 1988, is also denied.

Separate journal entry to be filed.